## JAMES HOLMES *v.* B. M. C. BROWN et al.

Where no adequate cause is shown for the failure of the appellant to file the appeal in the Supreme Court in due time, the appeal will be dismissed.

APPEAL from the District Court of East Feliciana, *Burk,* J. *Merrick,* for plaintiff. *Z. S. Lyons,* for defendants. The judgment of the court was pronounced by

EUSTIS, C. J. The appellee has moved to dismiss this appeal. The judgment appealed from was rendered on the 19th of April, 1848. An appeal was taken on the 29th of April following, returnable on the second Monday of February, 1849, and the bond was filed on the 20th of July, 1848. The appeal was only filed in this court on the 6th of January, 1851; no adequate legal cause has been assigned for this delay.

The appeal is therefore dismissed, with costs.

---

## LUC DOBARD et al. *v.* VINCENTE NUNEZ.

In an action of slander, where it appears that the defendant did not originate the slanderous report, and that he merely repeated it without malice, and it is not shown that the plaintiff suffered any special damage by the report, none but nominal damages should be allowed.

APPEAL from the District Court of St. Bernard. *J. Foulhouze,* for plaintiffs. *T. W. Collens,* for defendant. The judgment of the court was pronounced by

ROST, J. This is an action of slander. The slanderous words are alleged to be, " that the families of *Martin* and *Lafrance* are colored people."

The defendant admits the words charged to have been uttered by him; and avers that he persists therein, because they were founded upon probable cause, and uttered without malice. There was judgment against him for $500, and he appealed.

It is not necessary to pass upon the bill of exceptions taken by his counsel to the opinion of the court rejecting evidence offered by him. That evidence is in the record, and we are of opinion that if admitted it would have been entitled to little weight, and could not have changed materially the aspect of the case.

On the merits, the evidence is conflicting; and on the principle that has uniformly guided our decisions in such cases, we cannot reverse the judgment. We think, however, that the damages allowed are excessive, and that little more than nominal damages should have been given. The defendant did not originate the slander, and evidently acted without malice in repeating it. There is nothing in the record to show that the plaintiffs were in any manner injured by what he said.

It is therefore ordered, that the judgment in this case be amended, and that there be judgment in favor of the plaintiffs for fifty dollars damages, and the costs of the district court; those of this appeal to be paid by the plaintiffs and appellees.